UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| ARTHUR BURNHAM,<br>　　　　Plaintiff, | )<br>)<br>)<br>) | **CIVIL ACTION** |
| v. | ) | **NO. 16-40057-DHH** |
| WORCESTER COUNTY HOUSE OF<br>CORRECTION & JAIL,<br>　　　　Defendant. | )<br>)<br>)<br>)<br>) | **CIVIL ACTION**<br>**NO. 16-40098-DHH** |

## MEMORANDUM AND ORDER
### July 8, 2016

**HENNESSY, M.J.**

　　For the reasons stated below, the Court (1) grants the plaintiff's motions for leave to proceed *in forma pauperis*; and (2) directs the plaintiff to file amended complaints.

### Background

　　Arthur Burnham ("Burnham"), has filed two lawsuits in which he names the Worcester County House of Correction and Jail, where he is currently confined, as the sole defendant. In Civil Action Number 16-40057-DHH, Burnham claims that officers at the correctional facility deliberately withheld legal mail from him. He further alleges the officers' misconduct was in retaliation for Burnham filing lawsuits in federal court. In Civil Action Number 16-40098-DHH, Burnham complains that officers at the Worcester County House of Correction and Jail prevented him from going to scheduled hearings in his state criminal matter. According to Burnham, officers told him that his hearings were cancelled and told his attorney that Burnham refused to be transported for the hearings.

　　The plaintiff seeks leave to proceed *in forma pauperis*. In Civil Action Number 16-40057-DHH he has also filed a motion for the production of documents.

### Discussion

**I.   Motions for Leave to Proceed *In Forma Pauperis***

　　Upon review of the motions for leave to proceed *in forma pauperis*, the Court concludes that the plaintiff is without assets or income to prepay the filing fee. The Court therefore grants

the motions.  Because Burnham has been without funds for six months and is currently without funds, no initial partial filing fees are assessed  Pursuant to 28 U.S.C. § 1915(b)(2), Burnham is obligated to make monthly payments of 20 percent of the preceding month's income credited to the prison's account until the statutory filing fee of $ 350.00 for each action has been paid in full.

## II.     Screening of the Complaint

### A.     Court's Authority to Screen the Complaints

When a plaintiff seeks to file a complaint without prepayment of the filing fee, summonses do not issue until the Court reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2).  Similarly, under 28 U.S.C. § 1915A, prisoner complaints in civil actions that seek redress from a governmental entity or officers or employees of a governmental entity are subject to a preliminary screening.  Both § 1915(e)(2) and § 1915A authorize federal courts to dismiss a complaint *sua sponte* if the claims therein are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b).  In conducting this review, the Court liberally construes the complaint because the plaintiff is proceeding pro se.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

Here, Burnham has failed to state a claim upon which relief may be granted for the simple reason that the Worcester County House of Correction and Jail is not proper defendant, and the plaintiff has not identified any other defendant.  Jails and prisons are only buildings; they are not suable entities.  *See, e.g.*, *Owens v. Scott County Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003) (per curiam); *Mardsen v. Fed. Bureau of Prisons*, 856 F. Supp. 832, 836 (S.D.N.Y. 1994).

Burnham may, however, cure this problem by filing an amended complaint in each action in which he names as defendants the individual or individuals who were personally involved in the alleged misconduct as defendants and by specifying in the body of the amended complaints the alleged actions of each defendant.  The amended complaints will completely replace the

earlier-filed complaints.[1]

**Conclusion**

For the foregoing reasons:

1. The motions for leave to proceed *in forma pauperis* filed in both cases are GRANTED. Because Burnham has been without funds for six months and is currently without funds, no initial partial filing fees are assessed. The two $350 filing fees –$700 in total– shall be paid pursuant to 28 U.S.C. § 1915(b)(2). The Clerk shall mail a copy of this order to the treasurer of the institution having custody of the plaintiff.

2. If Burnham wishes to prosecute either action, he must, within forty-two (42) days of the date of this order, file amended complaints in which he names as defendants the individual or individuals who allegedly violated his rights and in which he identifies the alleged misconduct of each defendant. Failure to do so may result in dismissal of the actions.

3. In regard to Civil Action Number 16-40057-DHH, the motion for an extension of time to file a prison account statement (Docket Entry No. 13) is DENIED AS MOOT and the motion to produce (Docket Entry No. 2) is DENIED WITHOUT PREJUDICE. If this case proceeds to discovery, the plaintiff may request documents from the defendant(s) at that time.

SO ORDERED

/s/ David H. Hennessy
DAVID H. HENNESSY
UNITED STATES MAGISTRATE JUDGE

---

[1] "An amended complaint, once filed, normally supersedes the antecedent complaint." *Connectu LLC v. Zuckerberg*, 522 F.3d 82, 91 (1st Cir. 2008). "Thereafter, the earlier complaint is a dead letter and 'no longer performs any function in the case.'" *Id.* (quoting *Kolling v. Amer. Power Conversion Corp.*, 347 F.3d 11, 16 (1st Cir. 2003)).